[Civ. No. 2756. Fifth Dist. Apr. 28, 1976.]

SHARON DILL, Plaintiff and Appellant, v.
WILLIAM MAYER, as Director, etc., Defendant and Respondent.

## COUNSEL

Jacob M. Weisberg for Plaintiff and Appellant.

Evelle J. Younger, Attorney General, Elizabeth Palmer, Assistant Attorney General, N. Eugene Hill, John Fourt and Byron B. Chell, Deputy Attorneys General, for Defendant and Respondent.

## OPINION

**GARGANO, J.**—The pivotal issue presented in this appeal is concerned with the treatment of a stepfather's income in fixing the "liability" for a "medically needy family" under the California Medical Assistance Program, commonly known as Medi-Cal. A "liability" under that program, like a "deductible" in a private insurance policy, is that portion of the cost of medical care the medically needy family must first assume before Medi-Cal benefits are obtainable. (Cal. Admin. Code, tit. 22, § 50053.)

Briefly, under the Medi-Cal program, as implemented by chapter 7 of part 3 of division 9 of the Welfare and Institutions Code (§ 14000 et seq.), four separate groups of persons are eligible for Medi-Cal benefits. In the first group are persons who already are receiving or have been found eligible to receive aid under one of the categorical public assistance programs.[1] (Welf. & Inst. Code, § 14005.1.) In the second group are

---

[1]Categorical public assistance programs include, among others, aid to families with dependent children, old age security and aid to the potentially self-supporting blind. (Welf. & Inst. Code, § 14005.1)

persons who meet all of the conditions of eligibility for aid under one of the categorical public assistance programs but who have not applied for such assistance. (Welf. & Inst. Code, § 14005.2.) The third group includes persons who meet the income and resource requirements for public assistance under the aid to families with dependent children program (AFDC) but who otherwise are not eligible for that program or any other categorical public assistance program. (Welf. & Inst. Code, § 14005.6.)

The fourth group, and the group with which we are concerned in this litigation, encompasses families, referred to as medically needy families, or individuals, referred to as medically needy persons, who could qualify for assistance under one of the categorical public assistance programs, except for an excess in income and resources but, because of basic living expenses, do not have sufficient income to pay for all or part of the cost of health care. (Welf. & Inst. Code, §§ 14005.7, 14051.) However, since the income and basic living expenses of such families and persons vary from family to family and person to person, the extent of Medi-Cal benefits available to this group is governed by specific rules promulgated by the State Department of Health (Cal. Admin. Code, tit. 22, § 50001 et seq.),[2] and it is under these rules that the "liability" we have mentioned is articulated (§ 50053). A short resume of the remaining pertinent Medi-Cal rules follows.

Under subdivision (e) of section 50607, the "liability" of a medically needy family is determined, periodically, by subtracting a standard "maintenance need" from the available net income earned by the family over a specified period of time. If none of the members of the family is a long-term care patient within the meaning of section 50052, the "liability" is fixed over a three-month period; if a member of the family is a long-term care patient, the "liability" is calculated on a monthly basis. (§ 50607, subd. (a) and (b).)

Under section 50033, "maintenance need" is defined as the amount allowable for the family's living expenses and is dependent upon the number of family members; the amount is found in a table which is revised from time to time (see § 50608, subd. (d)).

---

[2]Hereafter, unless otherwise indicated, all section references are to title 22 of the California Administrative Code, and all references to statutes and administrative rules and regulations are to those that were in effect during the months of June, July and August 1973.

Under section 50037, net income means gross income, less allowable deductions and exemptions.

Under subdivision (a)(1) of section 50604, the allowable deductions and exemptions referred to in section 50037 are the same as those used in establishing eligibility for assistance under the categorical public assistance program for which the medically needy family would have qualified except for the family's excess of income and resources. These deductions and exemptions are set out in regulations 44-111 and 44-113 of the Manual of Eligibility and Assistance Standards prepared by the Department of Benefit Payments. For convenience, the manual prepared by the Department of Benefit Payments hereafter will be referred to as the "Manual."

Subdivision (e) of section 50603 sets forth the guidelines for the treatment of the income of the various members of a medically needy family, in order to determine the extent of income available to the family in arriving at the family's "liability." In pertinent part, this section states that "[t]he income of *all* family members, other than public assistance recipients, is combined when [the] income is equally available for the support of all family members by *voluntary action* or legal responsibility." (Italics added.) (§ 50603, subd. (e)(2).)

We turn to the undisputed facts of this case.

In early 1973, appellant, Sharon Dill, was residing in Fresno County with her husband, Wayne Dill, and with her two children of a former marriage; the Dills voluntarily had combined their monthly incomes, but Mr. Dill was contributing toward the support of his children from a prior marriage who were residing with their mother. At that time, appellant's children were receiving public assistance under the AFDC program.

In April 1973, the children's aid under the AFDC program was discontinued solely due to an excess of family income. Then appellant applied for Medi-Cal benefits; her son Ricky was suffering from a terminal illness and was confined in a nursing home. Appellant was given a certificate indicating that the family's "liability" was zero.

On July 12, 1973, the Fresno County Welfare Department notified appellant that the family's "liability" was being determined on a quarterly basis and that as of June 1, 1973, it had been fixed at $821 for the quarter; this meant that the family had to pay the first $821 of

medical costs for the three-month period commencing June 1, 1973, before the family could receive Medi-Cal benefits for that period. At her request, appellant was granted an administrative hearing before a referee of the State Department of Health.

At the conclusion of the hearing, the referee determined that appellant's son was a "long-term care patient" and that the family's liability should be determined on a monthly, not a quarterly, basis. He also determined that the family's "liability" for the month of June 1973 was $75, and for the months of July and August of that year, it was $52 a month.

In December 1973, the Director of the State Department of Health accepted the hearing officer's finding that the "liability" of appellant's family should be determined on a monthly basis; he rejected the hearing officer's finding as to the amount of the "liability" and instead fixed the family's "liability" for the month of June 1973 at $285, and for the months of July and August of that year at $268 a month.

The director subtracted from Mr. Dill's gross income the applicable deductions and exemptions, including child support payments (Manual, reg. 44-113), and determined that the stepfather's net income for the months of June, July and August 1973, was $511 a month. He also determined that appellant's net income for the three months was $149 a month. Then the director added appellant's net income to that of her husband and concluded that the sum of $660 a month was the total monthly net income available to the medically needy family. From this total the director deducted the monthly "maintenance need" for a family of four and arrived at the family's "liability" for the months in question.

Following is a breakdown of the director's calculations:

| | JUNE 1973 | JULY 1973 | AUGUST 1973 |
|---|---|---|---|
| Stepfather's gross income | $803 | $803 | $803 |
| Stepfather's deductions and exemptions | 292 | 292 | 292 |
| Stepfather's net income | $511 | $511 | $511 |
| Wife's gross income | $504 | $504 | $504 |
| Wife's deductions and exemptions | 355 | 355 | 355 |
| Wife's net income | $149 | $149 | $149 |

| | | | |
|---|---|---|---|
| Stepfather's net income | $511 | $511 | $511 |
| Wife's net income | 149 | 149 | 149 |
| Family's net income | $660 | $660 | $660 |
| Monthly Maintenance Need for a Family of Four | 375 | 392 | 392 |
| LIABILITY | $285 | $268 | $268 |

On December 13, 1974, appellant, pursuant to section 1094.5 of the Code of Civil Procedure, petitioned the Superior Court of Fresno County for a writ of mandate to review the administrative decision of the Director of the State Department of Health. After a court hearing, the court upheld the administrative decision and denied the petition. This appeal followed.

■ Appellant does not challenge the director's calculations insofar as they go. Relying upon the last paragraph of regulation 44-133.53 of the Manual, she argues that when there is a stepfather in a medically needy family, he and his wife are members of a separate family unit which he is obligated to support, and hence, not all of his income is available to the medically needy family in determining the family's "liability." The last paragraph of this regulation states that under the *AFDC program* the amount of income of a stepfather that is considered available to a "Family Budget Unit" shall not be greater than ". . . the stepfather's gross income less any prior support liability . . , mandatory payroll deductions and *the appropriate Minimum Basic Standard of Adequate Care figure for persons in the Stepfather Unit . . . .*" (Italics added.) Appellant claims that in June, July and August 1973, she and her husband formed the "Stepfather Unit" while her two children formed the "Family Budget Unit" and that her husband also should have been given a minimum basic standard of adequate care deduction for a two-member "Stepfather Unit."

Stated in another manner, it is appellant's position that by virtue of subdivision (a)(1) of section 50604 (see *ante*, at p. 798), the last paragraph of regulation 44-133.53 of the Manual prepared by the Department of Benefit Payments is applicable to the Medi-Cal program and must be considered in determining the amount of a stepfather's income that is available to the medically needy family in fixing the family's "liability." Accordingly, appellant asserts the proposition that the director failed to subtract from her husband's gross income an applicable deduction; she maintains that before the director added her husband's net income to her own net income for the purpose of determining the amount of combined

income available to the medically needy family, he should have taken into consideration the fact that the stepfather was a member of a separate family unit, consisting of himself and appellant, and also deducted from her husband's gross income the applicable minimum basic standard of adequate care figure for a two-person "Stepfather Unit."[3] Appellant claims that in fixing her husband's available net income for the family during the three months in issue, this amount, in addition to the deductions and exemptions allowed by the director, should have been subtracted from her husband's gross income for each month.

In making this argument, appellant has overlooked the distinction between the *treatment* of a stepfather's income with reference to an application for assistance under the AFDC program and the *treatment* of a stepfather's income in connection with Medi-Cal benefits. Under the AFDC program, the income of a husband, whose wife is applying for AFDC assistance for her children of a former marriage, is given special treatment because the stepfather has other obligations that are superior to his obligation to support his wife's children of a prior marriage. Consequently, when a stepfather otherwise is able to support himself, his wife, their children in common and his children of a former marriage living with them, they all must be considered members of the "Step-father Unit"; the wife's children of a prior marriage are placed in the "Family Budget Unit." (Manual, reg. 44-133.52.) It is for this reason that the last paragraph of regulation 44-133.53 of the Manual provides that before any income of a stepfather is considered available for the "Family Budget Unit" under the AFDC program, the stepfather must be given credit for his prior support liability, mandatory payroll deductions and a monthly living expense allowance for his own separate family unit.

On the other hand, where, as here, the stepfather is himself a member of a medically needy family and voluntarily has combined his own income with the income of his wife, he, like the wife, is entitled to only one maintenance allowance, the one that is given to the entire medically

---

[3]The minimum basic standard of adequate care figure, like a "maintenance need," is an allowance for living expenses (Welf. & Inst. Code, § 11452); for a two-person "Stepfather Unit" the amount was $210 a month in June 1973 and was $216 a month in July and August 1973. If the minimum basic standard of adequate care figure for a two-person "Stepfather Unit" also were subtracted from the gross income of appellant's husband, the family's "liability" would be $75 a month for June 1973, and $52 a month for July and August of that year; these calculations coincide with those initially made by the referee (see *ante*, at p. 797).

needy family; in this case a family of four. Thus, the Medi-Cal program has its own standards governing the treatment of income; subdivision (e)(2) of section 50603 states that as to a medically needy family "[t]he *income of all family members, other than public assistance recipients, is combined when* [the] *income is equally available for the support of all family members by voluntary action* . . . ."

What appellant really is asking is that her husband be given two separate family living expense allowances even though the allowances overlap. But, as we have explained, the last paragraph of regulation 44-133.53 of the Manual, upon which she relies for his unique request, does not pertain to the treatment of income for Medi-Cal benefits; it pertains only to the treatment of income for public assistance under the AFDC program. Nor has the last paragraph of regulation 44-133.53 of the Manual been made applicable to the Medi-Cal program by virtue of subdivision (a)(1) of section 50604 as appellant seems to assume. While subdivision (a)(1) of that section adopts for the Medi-Cal program standards used in determining an applicant's eligibility for aid under the categorical public assistance program for which the medically needy family would have qualified except for an excess of income and resources (in this case AFDC), and therefore has reference to the regulations contained in the Manual prepared by the Department of Benefit Payments, the subdivision only does so with regard to *deductions* and *exemptions* from gross income.

It is evident that appellant confuses the treatment of a stepfather's income in connection with an applicant's eligibility for AFDC benefits with the deductions and exemptions the Medi-Cal program allows to be taken from gross income in order to arrive at net income. As we have noted, the Medi-Cal program has its own method for the treatment of income, and this method differs substantially from the one used by the AFDC program. (Compare § 50603 with Manual, reg. 44-133.) On the other hand, for a medically needy family linked to the AFDC program the appropriate deductions and exemptions allowable in arriving at the family's available net income are the same as those allowed under the AFDC program; it is these deductions and exemptions that are referred to in subdivision (a)(1) of section 50604, and they are found in regulations 44-111 and 44-113 of the Manual. In short, the last paragraph of regulation 44-133.53 of the Manual, upon which appellant bases her claim for an additional deduction, does not purport to list the applicable deductions and exemptions from gross income; it is found within a chapter entitled "Treatment of Income—AFDC," and it

merely places a limitation on the amount of a stepfather's income which may be considered available to the "Family Budget Unit" under the AFDC program. For the reasons we have explained, this limitation has no application to the Medi-Cal program.

The judgment is affirmed.

Brown (G. A.), P. J., and Franson, J., concurred.